UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREG GIVENS,**

        **Plaintiff,**

  v.

**SHADYSIDE POLICE DEPARTMENT,**
**et al.,**

        **Defendants.**

Civil Action 2:22-cv-4268
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATIONS

Greg Givens, a pro se litigant who has previously filed in this Court, submitted a civil rights complaint. (Doc. 1). He did not pay the filing fees required to commence a civil action, but has asked to proceed *in forma pauperis* and without paying the fees. *See* 28 U.S.C. § 1915(a). For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DENY** his motions. (Doc. 1, 3, 8).

Plaintiff's first Motion to proceed *in forma pauperis* (or "IFP") was filed on December 2, 2022. (Doc. 1). After reviewing the Motion, the Court noted that it was incomplete and directed Plaintiff to file a second motion to proceed IFP:

> In his application, Plaintiff states that, in the past twelve months, he has received no monthly income and that he has $5.98 in cash on hand or money in a savings or checking account. (*See* [Doc. 1] at 3). But Plaintiff did not answer the questions listed under Sections VI and VII. (*Id*. at 3 (asking whether Plaintiff owns any real estate, stocks, bonds, notes, automobiles, or any other valuable property and asking Plaintiff to list all expenses). So that the Court can ascertain whether Plaintiff satisfies the standard to proceed *in forma pauperis*, Plaintiff is **DIRECTED** to file another application to proceed *in forma pauperis*. In it, he should detail with specificity any assets he owns and his monthly expenses.

(Deficiency Notice, Doc. 2).

Plaintiff filed a Second Motion to proceed IFP on February 23, 2023.  (Doc. 3).  Upon review of that motion, it was still not clear that Plaintiff had provided the Court with full and accurate information about his financial status.  The Court thus gave Plaintiff "a final opportunity to provide additional information or address the following issues."  (Deficiency Order, Doc. 6).  The Deficiency Order explained the Court's concerns:

> Plaintiff asserts in his IFP Motions that he is not employed.  (Doc. 1, PageID 2; Doc. 3, PageID 82).  But in his Complaint, he recounts an event that occurred as he was traveling "to work at a government office, commuting."  (Doc. 1-1, PageID 14).   He refers to the location as "his government work-place."  (*Id*.)  This event allegedly occurred on April 12, 2022.  (*Id*.).  Thus, it appears that Plaintiff was working within twelve months of when he filed his IFP Motions.
>
> Relevant to this point, Plaintiff asserts in his IFP Motions that "[w]ithin the past twelve (12) months," he has not "received any income from a business, profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest or dividends, or any other source[.]"  (Doc. 1, PageID 2; Doc. 3, PageID 82) (emphasis added).  At the same time, he says that he was last employed in August 2022.  (*Id*.).  He reveals that he earned $296 a month from that employment.  (*Id*).  But he does not disclose this income in his answer to the income question, leading the Court to question whether one or both of the answers is incorrect.  *Compare also Affidavit of Indigence* in *State ex rel. Greg P. Givens v. Village of Shadyside, Ohio, et al*., Case No. 2022-1025 (Sup. Ct. of Ohio, Aug. 17, 2022), available at https://www.supremecourt.ohio.gov/ Clerk/ecms/#/caseinfo/ 2022/1025 (accessed Mar. 17, 2023)[1] ("I am living off of minimal handyman jobs and food benefits which begin at $16.00 per month.").
>
> In his Complaint—attached to his First Motion—Plaintiff refers to his business interests and suggests that Defendant(s) have interfered with his "earnings" therefrom. (*See, e.g.*, Doc. 1-1, PageID 7, ¶ 12; PageID 8, ¶ 19).  He describes himself as an "operator of mechanical devices, contracting, service and repair of machines, with his principal place of business in Ohio…" (Doc. 1-1, PageID 8, ¶ 14).  He explains:
>
>> Plaintiff espouses a licensed business based in Ohio and West Virginia, within this Court's jurisdiction, distributing licensed, vending, heating and air conditioning products, intellectual properties and trademarked products and services, including federally-regulated vending and gaming machines, refrigeration, HVAC, heating and air handling services, import and export providing customers and consumers goods and services across interstate

---

[1] This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

> lines and in commerce. By virtue of Plaintiff's trade, profession, and business, at all times pertinent hereto. Plaintiff is licensed and organized under the laws and regulations of the United States, doing business in states of Ohio and West Virginia, and federally-regulated interstate commerce.

(Doc. 1-1, PageID 9, ¶ 22). The Court is aware from Plaintiff's other cases in this and other courts that Plaintiff reportedly operates at least two businesses. *See, e.g., Greg Givens d/b/a Greg's Vending & Amusements/Gaming Gems v. Longwell*, No. 2:22-cv-3221 (S.D. Ohio); *Greg Givens dba/American Acquisitions, LLC v. Longwell*, No. 5:22-cv-193 (N.D.W.V.). In the complaint filed in the first of these cases, Plaintiff described his "business interests" as including "high and low-income affordable housing and leasing for the blind and the elderly, in the acquisition of investment properties and real estate[.]" *See Complaint* in *Givens v. Longwell*, No. 2:22-cv-3221 (S.D. Ohio) (Aug. 24, 2022, Doc. 3, ¶ 12 therein). No information is provided in the IFP Motions currently before the Court about business income in the preceding twelve months. (Doc. 1, 3).

Additionally, in his Complaint in this case, Plaintiff refers the Court to several cases filed in the courts of Belmont County, Ohio, wherein Defendant(s) allegedly committed perjury. (*See, e.g.*, Doc. 1-1, PageID 12-13). A review of the online records of the Belmont County Courts reveals that Plaintiff posted a $10,000 "CASH BOND" in Case No. 23CRB00012E on February 23, 2023. *See* Online Docket of *State of Ohio v. Greg Givens*, available by name or case number search at https://eservices.belmontcountycourts.com/eservices/home.page.8 (accessed Mar. 17, 2023). Here, Plaintiff asserts in both his IFP Motions that he has only $5.98 in cash on hand or in a bank account. (Doc. 1, PageID 3; Doc. 3, PageID 83). The Second Motion, notably, was filed the same day Plaintiff posted the cash bond. (*See* Doc. 3).

Plaintiff asserts in his Second IFP Motion that he has no real estate, stocks, bonds, notes, automobiles, or any other valuable property. (Doc. 3, PageID 83). In the Complaint, however, he refers in the Complaint to "the Givens' property" or "the Givens estate" or "the Givens headquarters" with an address on Highland Avenue in Shadyside, Ohio. (Doc. 1-1, ¶¶ 28, 36, 41). This is the same address that he gives as "his principal place of business." (Doc. 1-1, PageID 8, ¶ 14). He also refers to a car that he drives (Doc. 1-1, ¶ 35) and to a "campaign van" or "the Givens van" (Doc. 1-1, PageID 12, ¶ 30). He alleges that he has suffered damage to his (or his business') "goods, services and investment processes." (Doc. 1-1, PageID 21, ¶ 55). In his previous complaint in *Longwell,* he also referred to his "real estate investments." *See* Complaint in *Givens v. Longwell*, No. 2:22-cv-3221 (S.D. Ohio) (Aug. 24, 2022, Doc. 3, ¶ 17 therein).

Plaintiff asserts here that he has no rent or utility payments, or other bills. (Doc. 3, PageID 83). Yet he recently represented to the Supreme Court of Ohio that he

3

was receiving help from relatives "with discounted utility and rents." *See Affidavit of Indigence* in *State ex rel. Greg P. Givens v. Village of Shadyside, Ohio, et al.*, Case No. 2022-1025 (Sup. Ct. of Ohio, Aug. 17, 2022).

Finally, although not directly relevant to his current financial status, the Court observes that Plaintiff appears to have dedicated a not insignificant amount of time and resources to pursuing litigation in state and federal court, most of which has been dismissed.[2] *See generally Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990) (citing *Urban v. Nations*, 768 F.2d 1497, 1500 (D.C.Cir. 1985)) (recognizing that "courts may prevent a pro se litigant from filing an *in forma pauperis* complaint where such a litigant has a long track record of filing frivolous suits.").

(Deficiency Order, Doc. 6, PageID 90-93 (footnotes as in original)).

The Court warned Plaintiff that if it was determined that his "allegation of poverty is untrue," the Court would be required to dismiss his case. *See* 28 U.S.C. § 1915(e)(2)(A); *Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019). (*See* Doc. 6, PageID 94-95). Plaintiff was ordered to "address these issues in a written response," which could be in the form of "a third motion to proceed *in forma pauperis* accompanied by an

---

[2] In this Court, Plaintiff has filed (or caused to be filed) the following cases, in addition to the instant case:

1. *Givens v. Oman & Emirates Investment Holding Co.*, No. 2:09-cv-800 (dismissed because the "complaint is a farrago of wild accusations" and failed to state a claim).
2. *Givens v. Loeffler,* No. 2:19-cv-617 (dismissed in part for failure to state a claim and in part on summary judgment).
3. *Givens v. Longwell*, No. 2:22-cv-3221 (dismissed for failure to state a claim).
4. *Flanagan v. Givens,* No. 2:22-cv-4454 (Plaintiff removed to this Court, and this Court remanded back to state court, an action to declare him a vexatious litigator under Ohio Rev. Code § 2323.52).
5. *Village of Shadyside v. Givens*, No. 2:23-cv-196 (Plaintiff removed to this Court, and this Court remanded back to state court, an action to declare him a vexatious litigator under Ohio Rev. Code § 2323.52).

In addition, a complaint very similar to the Complaint in this case was recently filed by Carol Givens, who is mentioned throughout Plaintiff's Complaint and appears to be Plaintiff's mother. *See Carol Givens v. Shadyside Police Dep't*, No. 2:22-cv-4252, 2022 WL 17669892, at *2 (S.D. Ohio Dec. 14, 2022) (recommending dismissal of all but one claim, including all claims made on Greg Givens' behalf).

A ten-page list of state and federal court cases involving Plaintiff and Carol Givens was recently filed in this Court in one of the vexatious litigator cases, *Village of Shadyside v. Givens,* No. 2:23-cv-196 (S.D. Ohio, Jan. 17, 2023). (*See* Doc. 1-2, PageID 44-53 therein).

explanation of the above issues or [Plaintiff] may choose to provide a narrative statement and/or other documentary evidence." (Doc. 6, PageID 95).

Plaintiff filed a Third Motion to proceed IFP on March 27, 2023. (Doc. 8). Although the Court granted him an extension of time to submit additional information (Doc. 7, 9), he did not do so.

In his Third Motion, as in the the First and Second, Plaintiff represents that he is not currently employed, was last employed in August 2022 making $296 per month, but has received no income or money from any source within the past twelve month. (*Compare* Doc. 1, PageID 2; Doc. 3, PageID 82, and Doc. 8, PageID 99). Plaintiff attaches an explanation that says:

> PLAINTIFF STATES: He is a seasonal worker with the government and county of Belmont, Ohio in August of 2022, and November 2022, and is only on call for employment/training for becoming a government worker for a day with the Belmont County Board of Elections, "at-will", of the county office for elections, (which means the work is not guaranteed).
>
> Plaintiff is being sponsored by his assembly of churches to attend full-time Christian preacher school, and is not permitted to be employed while taking courses, as part of a commitment to only studies (suggested vow of poverty), while attending as a full-time student.
>
> Plaintiff has fully reported this information with the Ohio Job and Family Services, which was not deemed real employment for computation purposes, and is deemed to be a student with "placement" opportunities within a professional government firm that handles contracts, and general federal matters., with no regular employment income to Plaintiff, from all sources in the past 12-months..
>
> The gross total of that income/stipend was $296. Classes were held in April of 2022. Total in May stipend and August of 2022, and $311. In November (paid in December of 2022). With a Total Annual Gross Income: because of borrowed vehicle travel (with the Plaintiff does not own).

(Third IFP Motion, Doc. 8, PageID 101 (no alternations in original)).

From this the Undersigned can glean that Plaintiff may have been an election worker in Belmont County and a student receiving a stipend but without regular employment for some periods of 2022. But the Undersigned cannot determine from the incomprehensible final

paragraph how much income or other money Plaintiff received from all sources in the preceding twelve months. It does not appear to be large amount.

Plaintiff also says in the Third Motion, as he did previously, that he has no assets whatsoever and only $5.98 in cash or bank accounts. (*Compare* Doc. 1, PageID 3; Doc. 3, PageID 83; Doc. 8, Page 100, 102). He addresses the Court's concern that he apparently posted at $10,000 "CASH BOND" in state court on February 23, 2023 by saying:

> in addition, a sham-legal process against Plaintiff has commenced upon issuance of a Bond, as a matter of false-testimony of Defendant(s) falsely accusing Plaintiff of petty, teenage "criminal mischief, a minor misdemeanor, associated with claims that have arisen from the controversies surrounding perjurious charges made by the Defendant(s) against Plaintiff in the actions.

(Doc. 8, PageID 102). This response does not address the Court's concern.

Finally, Plaintiff reports having no creditors and paying no rent. (Doc. 8, PageID 100, 103). His monthly expenses are $103/month. (*Id.*, PageID 103). He appears not to own the real estate or vehicles discussed in the Complaint and the Deficiency Order. (*Id.*, PageID 101-102). He says that Defendants have prevented him from making any business income. (*Id.*, PageID 102). Plaintiff does not substantiate or clarify any of the statements in his Third Motion with additional evidence, except a letter indicating that he receives Medicaid benefits. (*Id.*, PageID 105).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted leave to proceed *in forma pauperis*. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate he should be granted *in forma pauperis* status. *See* Fed. R. Civ. P. 11; *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022) (under 28 U.S.C. § 1915, "the Court must conduct a satisfactory inquiry into the plaintiff's ability

to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form[.]").

Plaintiff's IFP Motions seek the benefit of 28 U.S.C. § 1915(a), which permits an indigent plaintiff to avoid filing fees if he demonstrates by affidavit the inability to pay such fees.  In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."[3] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  Courts are therefore directed to dismiss a case filed *in forma pauperis*, or any part of it, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Another protection written into the statute is the requirement that a court dismiss an action if it determines that a plaintiff's "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).  "The purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their

---

[3] Plaintiff was recently designated a vexatious litigator under Ohio Revised Code § 2323.52.  *See* April 20, 2023 Judgment Entry in *Flanagan v. Givens*, Belmont County Court of Common Pleas Case No. 22 CV 336, available at https://www.supremecourt.ohio.gov/opinions-cases/clerk-of-court/office/vexatious-litigators-local (accessed April 26, 2023).  That court said that it:

> FINDS that . . . Defendant, Greg P. Givens, habitually, persistently, and **without reasonable grounds** instituted approximately fifty (50) civil actions in the Court of Common Pleas, the Court of Appeals, and in County Courts against multiple parties.
>
> FINDS that these civil actions were not warranted under existing law, and could not be supported by a good faith argument for an extension, modification, or reversal of existing law; served merely to harass or maliciously injure the other parties to the civil actions and/or appeals; and were filed and/or pursued solely for delay.
>
> FINDS that the filing and prosecution of the numerous, meritless civil actions against multiple defendants, along with the meritless appeals related to these filings, constitutes vexatious conduct under R.C. 2323.52 (A)(2){a)(b)(c).

(Emphasis in original).

true net worth." *Jones v. Michigan Dep't of Hum. Servs.*, No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)) (cleaned up).  A plaintiff who understates the amount of his income or other money received risks having the case dismissed with prejudice, even if he could not, in truth, afford the filing fee. *See Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019) (where the allegation of poverty is untrue, dismissal is required, but "the district court has discretion to determine whether the action is dismissed with or without prejudice."); *Johnson v. Working Am.*, No. 1:12-cv-1505, 2013 WL 3822232, at *4 (N.D. Ohio July 23, 2013) (citing *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 116 (2d Cir. 2012) (dismissing with prejudice where plaintiff misrepresented his financial status, saying:  "While Plaintiff may not have had sufficient funds to pay the filing fee, this does not excuse the fact that he was untruthful in his Application; i.e. that he falsely stated he was not receiving 'pay or wages' at the time he filed his Application.").

The Undersigned does not, at this time, conclude that Plaintiff's allegation of poverty is untrue and that his case must be dismissed.  28 U.S.C. § 1915(e)(2)(A).  The Undersigned does conclude that Plaintiff has not demonstrated that the Court should allow him to proceed in this case *in forma pauperis* and without paying the filing fees.  Plaintiff has not, despite three attempts to do so, sufficiently answered the simple question of how much money he received from any source during the preceding twelve months.  His conflicting or evolving answers on the IFP Motions, especially when compared with his seemingly contrary statements in the Complaint and elsewhere, leaves the Undersigned unconvinced that he has been entirely forthcoming with the Court.

Most concerning is the unexplained $10,000 cash bond Plaintiff apparently posted in state court on the same day he told his Court he had only $5.98. (*See* Doc. 6, PageID 91-92). Plaintiff does not assert that someone else paid the bond, for example, or that he paid only a portion of it. He only attacks the criminal charges underlying the case. (Doc. 8, PageID 102). The Undersigned is unable to reconcile the cash bond with Plaintiff's representations about his assets and income in the Motions and thus is unable to conclude that Plaintiff cannot pay the filing fees here and still continue to provide for the necessities of life. *Adkins*, 335 U.S. at 339.

Accordingly, the Undersigned **RECOMMENDS** that:

1. The Court **DENY** Plaintiff's First, Second, and Third Motions to proceed *in forma pauperis* (Doc. 1, 3, 8) and **ORDER** him to pay the filing fees of $402 ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days.

2. The Court **ADVISE** Plaintiff that if he does not pay the filing fees in full within thirty days, that his case will be dismissed for want of prosecution.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

The Undersigned notes that Plaintiff's Complaint makes almost identical claims to those raised by his mother in *Carol Givens v. Shadyside Police Department, et al.*, Case No. 2:22-cv-4252, which is currently pending before this Court. All but one of those claims were dismissed on April 17, 2023; Plaintiff's claims here—particularly those that appear to be made on his mother's behalf—may face dismissal for similar reasons. *See Givens v. Shadyside Police Dep't*, No. 2:22-cv-4252, 2023 WL 2964665 (S.D. Ohio Apr. 17, 2023).

Date: April 26, 2023    /s/Kimberly A. Jolson
                        KIMBERLY A. JOLSON
                        UNITED STATES MAGISTRATE JUDGE