UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG GIVENS,

    Plaintiff,

v.

SHADYSIDE POLICE
DEPARTMENT, *et al.*,

    Defendants.

:

Case No. 2:22-cv-4268
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

**OPINION AND ORDER**

Greg Givens, proceeding *pro se*, filed this case against the Shadyside Police Department, Police Chief Donald L. Collette, Assistant Police Chief Jeffery Todd Loeffler, and Code Enforcer Joseph E. Klug. (Am. Compl., ECF No. 34.) The matter is before the Court on multiple motions. For the reasons below, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. All other pending motions are thus **DENIED as moot**.

**I.    BACKGROUND**

All well-pled factual allegations in the Amended Complaint are accepted as true for purposes of the pending motions. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Mr. Givens is a small business owner living in Shadyside, Ohio. (Am. Compl., ¶¶ 8, 22.) In 2021, Mr. Givens ran for Mayor of Shadyside against the incumbent Robert A. Newhart, Sr. (*Id.*, ¶¶ 8, 10.) He alleges that Defendants (all allies of Mayor Newhart) have harassed him in retaliation for running a political campaign, including by having his campaign vehicles towed,

defaming and threatening him and his family, instituting criminal charges against him, interfering with his business, and causing the wrongful death of his uncle, Dennis A. Givens. (*Id.*, ¶¶ 9, 26–29, 35–36, 41, 47.)

Defendants now move for judgment on all of Mr. Givens's claims and seek monetary sanctions against him. (ECF No. 36.)

## II.     MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker*, 539 F.3d at 549. To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by  mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

2

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Mr. Givens's Amended Complaint asserts four claims: Count I: Wrongful Death of Dennis A. Givens; Count II: Interference with Federally Protected Rights; Count III: Misappropriation/Official Abuse of Position of Authority and Office; and Count IV: Continual Arrest, Deprivation of Right Under Color of Law, Harassment, and Conspiracy. (Am. Compl., *generally*.) For the reasons below, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

### A. Count I: Wrongful Death

Ohio's wrongful-death statute may be invoked when a person's death is "caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued[.]" Ohio Rev. Code § 2125.01. To state a claim for wrongful death, a plaintiff must allege facts showing that: (1) the defendant owed a duty to the decedent; (2) the defendant breached that duty; and (3) defendant's breach proximately caused the decedent's death. *Thompson v. Wing*, 637 N.E.2d 917, 923–24 (Ohio 1994). Mr. Givens alleges no specific facts about the time or manner of Dennis Givens's death—including who or what caused it. He thus fails to state a plausible claim that Defendants are liable for wrongful death.

### B. Count II: Interference with Federal Protected Rights

In Count II, Mr. Givens alleges that Defendants violated several of his federal rights. (Am. Compl., ¶¶ 48–53.) In particular, he alleges that Defendants interfered with his right to petition the government for redress of his grievances by "orchestrat[ing] a systematic campaign to prevent" him from reporting their threats, intimidation, and interference, and that Defendants "wrongfully and maliciously interfered with [his] federal contract(s)[.]" (*Id.*, ¶¶ 51, 52.) The Court construes this claim as one brought pursuant to 42 U.S.C. § 1983.[1]

When asserting a § 1983 claim, a plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). The Amended Complaint alleges that Mr. Givens's rights were infringed upon when Assistant Chief Loeffler testified that he is "a danger" and when Defendants "used threats" and intimidation against him. (Am. Compl., ¶¶ 49, 51.) These allegations are vague and conclusory; as such, they are insufficient to state a claim under § 1983.

### C. Count III: Misappropriation/Official Abuse of Position of Authority and Office

Mr. Givens styles Count III as a claim for "Misappropriation/Official Abuse of Position of Authority and Office." (Am. Compl., PAGEID # 323.) The Court

---

[1] To the extent Mr. Givens references 18 U.S.C. § 249, which addresses hate crimes, that statute does not authorize a private right of action.

construes the claim as one for abuse of power.[2] Ohio law does not recognize any such claim, but the theory can support a federal § 1983 claim for violation of due process rights. *Schwartz v. City of Conneaut*, No. 1:09-cv-1222, 2009 WL 4730594, at *6 (N.D. Ohio Oct. 22, 2009). In his Opposition to the Motion for Judgment on the Pleadings, Mr. Givens clarifies that he believes "his arrest and court proceedings initiated by the defendant(s) in this case, are in violation of plaintiff's federal rights protected under federal laws and statutes." (ECF No. 40, PAGEID # 377.) Though it is unclear whether Mr. Givens seeks to vindicate his substantive or procedural due process rights, he fails to allege sufficient facts to support either claim. *See Mango v. City of Columbus*, Nos. 2:19-cv-3120 and 2:19-cv-5282, 2020 WL 5247939, at *13–14 (S.D. Ohio Sept. 3, 2020) (Morrison, J.) (explaining the standards applicable to substantive and procedural due process claims).

### D. Count IV: Continual Arrest, Deprivation of Rights Under Color of Law, Harassment, and Conspiracy

The Court construes Count IV as a § 1983 claim for malicious prosecution in violation of Mr. Givens's Fourth Amendment rights. To state a Fourth Amendment malicious prosecution claim, a plaintiff must show, among other things, that a legal proceeding was instituted without probable cause. *Thompson v. Clark*, 596 U.S. 36, 44 (2022). Mr. Givens alleges that Assistant Chief Loeffler arrested him, but he asserts no facts to support the legal conclusion that Assistant Chief Loeffler lacked probable cause. As to the remaining Defendants, Mr. Givens fails to allege with

---

[2] To the extent Mr. Givens sought to assert a claim for misappropriation of trade secrets, the claim is dismissed for failure to allege any pertinent facts.

particularity any facts that demonstrate a violation of his Fourth Amendment rights.

### III. MOTION FOR RULE 11 SANCTIONS

Defendants also ask the Court to impose monetary sanctions on Mr. Givens under Federal Rule of Civil Procedure 11. (ECF No. 36, PAGEID # 347–350.) Rule 11 authorizes a court to impose sanctions against any "attorney or unrepresented party" who presents a written motion for improper purpose or without factual or legal basis. Fed. R. Civ. P. 11(b), (c). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Defendants did not follow the Rule's procedural mandate, instead filing their motion for sanctions as part of their Motion for Judgment on the Pleadings. (See ECF No. 36, PAGEID # 347–50.) The Motion is thus **DENIED** to the extent it seeks sanctions.

### IV. CONCLUSION

Defendants' Motion for Judgment on the Pleadings (ECF No. 36) is **GRANTED in part** and **DENIED in part**. Mr. Givens's Amended Complaint is **DISMISSED with prejudice**. Accordingly, Mr. Givens's Motion to Correct the Record (ECF No. 31), Motion to Strike (ECF No. 39), and Motion for Protective Order (ECF No. 44) are **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case.

    IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6